**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDREW REMUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 15 C 5066 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| VILLAGE OF DOLTON; VILLAGE OF ) | |
| DOLTON BOARD OF FIRE AND POLICE ) | |
| COMMISSIONERS; Commissioner DALLAS ) | |
| GORDON; Commissioner CLARENCE ) | |
| BROOM; Commissioner KENNETH GRAY; ) | |
| Commissioner ADAM SHORTER III; ) | |
| Commissioner KEN DAHL; Chief ) | |
| JOHN FRANKLIN; MARKCINNO MOORE; ) | |
| MICHAEL GILHOOLY; and PETER XENOS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendants' motion to dismiss the complaint, which is granted.

## BACKGROUND

Plaintiff, Andrew Remus, filed this action in the Circuit Court of Cook County against the Village of Dolton (the "Village"); the Village's Board of Fire and Police Commissioners (the "Police Board"); five Police Board Commissioners; John Franklin, the Dolton Police Chief at the relevant time; and Markcinno Moore, Michael Gilhooly, and Peter Xenos, three part-time police officers whom the Village hired as full-time officers in 2013. Plaintiff complains that he was "the only part-time police officer in the Village with the requisite experience that was not offered a full-time position" in 2013. (First Am. Compl. ¶ 35.)

Count I of the First Amended Complaint (the "complaint") seeks review under the Illinois Administrative Review Law of the decision "found in Exhibit A." (*Id.* ¶ 37.) Exhibit A to the complaint consists of two pages. The first is the minutes of the September 26, 2013 Police Board meeting at which the three commissioners who were present voted to approve the appointments of Moore, Gilhooly, and Xenos as full-time police officers. (*Id.*, Ex. A, at 1.) The second page is a letter from the Police Board to the Village's mayor indicating that the Police Board had approved the three candidates and that it made these recommendations pursuant to the Village's Ordinance No. 07-406.[1] (*Id.*, Ex. A, at 2.) According to plaintiff, the Police Board's decision was "arbitrary and capricious and against the manifest weight of the evidence, clearly erroneous, and contrary to the governing law and regulations," including the eligibility requirements that governed offers of full-time employment with the Village. (*Id.* ¶ 39.)[2] Count II of the complaint alleges that the Police Board violated the Age Discrimination in Employment Act ("ADEA") by "refus[ing] to hire Remus" as a full-time police officer on September 26, 2013 "because of his age," which was fifty-one. (*Id.* ¶¶ 43, 45, 47.) Count III alleges a § 1983 claim that the Police Board's "refus[al] to hire Remus" as a full-time officer "because of his age" violated Remus's rights under the Equal Protection Clause. (*Id.* ¶¶ 52, 54.)

Defendants removed the case to this court and filed the instant motion to dismiss pursuant to Rule 12(b)(6). On a Rule 12(b)(6) motion to dismiss, the Court construes the

---

[1]Ordinance No. 07-406 provides in part that the Police Board "will make all recommendations to the Mayor and the Board of Trustees for full-time appointments of firefighters and police officers." (Defs.' Mot. Dismiss, Ex. 1, at 2.) The Court can take judicial notice of this ordinance without converting defendants' motion into a motion for summary judgment. *See, e.g.*, *Demos v. City of Indianapolis*, 302 F.3d 698, 706 (7th Cir. 2002).

[2]The complaint also states that each defendant is "named herein to confer jurisdiction over" him or it "pursuant to the Administrative Review [Law]." (First Am. Compl. ¶¶ 5-14.)

complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts in the complaint, and draws all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

### A. Administrative Review (Count I)

The Illinois Administrative Review Law (the "Law"), 735 ILCS 5/3-101 *et seq.*, establishes procedures for seeking judicial review of a final administrative ruling. *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 535 (7th Cir. 2008). The Law provides for review of "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." 735 ILCS 5/3-101. The right to seek review of administrative decisions is "limited to those who were both parties of record to the agency proceeding and aggrieved by the agency's decision." *Helping Others Maintain Envtl. Standards v. Bos*, 941 N.E.2d 347, 360 (Ill. App. Ct. 2010) (citing, *inter alia*, *Williams v. Dep't of Labor*, 389 N.E.2d 1177, 1179 (Ill. 1979) (stating that the right to seek review of administrative decisions under the Law is limited to parties of record before the administrative agency whose rights, duties or privileges were adversely affected by the decision)); *see also Bd. of Educ. of Roxana Cmty. Sch. Dist. No. 1 v. Pollution Control Bd.*, 998 N.E.2d 1256, 1262 (Ill. 2013)

3

(stating that the general rule is that "administrative review is limited to parties of record before the administrative agencies and then only when their rights, duties or privileges are adversely affected by the decision"); *Goldberg v. Dep't of Lottery*, 655 N.E.2d 979, 981 (Ill. App. Ct. 1995) ("In an administrative review action, a plaintiff must allege and the record must show that he personally was adversely affected by the decision rendered by the administrative agency. The failure of a plaintiff to sustain this burden will cause his complaint to be dismissed for lack of standing.").

Among defendants' arguments for dismissal of Count I is the contention that plaintiff does not have standing to challenge the Police Board's decision to recommend Moore, Gilhooly, and Xenos for full-time positions because the decision did not adversely affect plaintiff's rights, duties, or privileges, nor was plaintiff a party to the proceeding before the Police Board.[3] (Defs.' Mem. Supp. Mot. Dismiss at 8.) The Court agrees, so it need not reach defendants' remaining arguments. Plaintiff characterizes the Police Board's action as a decision "not to make an offer of full-time employment" to him and to recommend the three officers "in lieu of" him. (Pl.'s Resp. at 1, 7.) But the decision says nothing whatsoever about Remus or about any refusal to move him or anyone else to a full-time position. Plaintiff fails to explain how he was a party to the proceedings before the Police Board or how he was aggrieved by its decision to recommend that the three officers be hired on a full-time basis. He also fails to cite any authority for the proposition that the Police Board's recommendation to hire persons other than him confers standing on him to challenge that decision under the Law. The only authority plaintiff discusses in response to defendants' argument is *Schickedanz v. City of O'Fallon,* 618 N.E.2d 1289, 1290

---

[3]This is more appropriately characterized as an argument pursuant to Rule 12(b)(1), not Rule 12(b)(6).

(Ill. App. Ct. 1993), in which the Illinois Court of Appeals concluded that the plaintiff had standing to appeal a decision of the O'Fallon Board of Fire and Police Commissioners declining to hire plaintiff as a police officer. *Schickedanz* is distinguishable because plaintiff applied for the vacant position of patrolman, completed the necessary tests and fulfilled the job requirements, and was put on the final eligibility roster, and the court noted: "It is undisputed that the Board notified plaintiff that he would not be hired. We find that this constituted a final administrative decision as it affected the legal rights, duties, and privileges of plaintiff, and there is no indication of any future proceedings before the Board on the issue of plaintiff's hiring." *Id.* at 1290.[4] There are no such allegations here. The decision from which Remus appeals had nothing to do with him, and he does not allege that the Police Board or the Village notified him that he would not be hired or that there would be no future proceedings before the Police Board on the issue of his promotion to full-time status. Because the complaint and its attachments show that plaintiff lacks standing to seek administrative review of the Police Board's decision, the Court dismisses Count I of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

---

[4] Plaintiff also cites *Burgess v. Board of Fire and Police Commissioners*, 655 N.E.2d 1157 (Ill. App. Ct. 1995), which is similarly distinguishable because plaintiff Burgess alleged that he had applied for the position of full-time police officer and successfully completed all required tests and was later notified that the results of two examinations were not satisfactory and his application for the position of full-time police officer therefore would receive no additional consideration. *Id.* at 1157-58.

**B.      Age Discrimination Claims (Counts II and III)**

Defendants argue that plaintiff's age discrimination claims under the ADEA and § 1983[5] should be dismissed because he has failed to allege a prima facie case. Defendants first point out that plaintiff fails to allege that he applied for a position as a full-time police officer.[6] "An employer cannot be liable for failing to hire a person who does not apply for a job." *Sembos v. Philips Components*, 376 F.3d 696, 702 (7th Cir. 2004) (citing *Konowitz v. Schnadig Corp.*, 965 F.2d 230, 234 (7th Cir. 1992) (concluding that an employer's failure to promote plaintiff or consider him for other openings with the company after a reduction in force did not lead to an inference of discrimination, since nothing in the record suggested that he had applied for any jobs or informed the company of his interest) and *Box v. A & P Tea Co.*, 772 F.2d 1372, 1377 (7th Cir. 1985) (holding that the plaintiff's failure to express more than a "vague interest" in an open position prevented her from establishing a prima facie case of discrimination)); *Wilson v. Ne. Reg'l Commuter R.R. Corp.*, No. 03 C 3110, 2003 WL 22736350, at *2 (N.D. Ill. Nov. 19,

---

[5]Defendants also contend that the ADEA precludes a § 1983 age-discrimination claim, citing decisions of other circuits. Defendants acknowledge that the Seventh Circuit held to the contrary in *Levin v. Madigan*, 692 F.3d 607 (7th Cir. 2012), but they urge this Court to follow the decisions of other circuits. The Court declines to do so. *Levin* is controlling authority that binds this Court.

[6]Defendants also argue that plaintiff fails to allege that he was qualified for the position or that the position was awarded to someone outside the protected age group who was not better qualified than plaintiff. These are among the elements plaintiff would have to show in order to establish a prima facie case of age discrimination under the indirect method of proof. *See Grayson v. City of Chi.*, 317 F.3d 745, 748 (7th Cir. 2003); *Atanus v. Perry*, 520 F.3d 662, 671-72 (7th Cir. 2008). Plaintiff argues that he meets his pleading burden under the direct method of proof, which involves using evidence that "points directly" to a discriminatory reason for the employer's action, *Atanus*, 520 F.3d at 671, because defendants "admit Mr. Remus was denied full-time employment due to his age." (Pl.'s Resp. at 12.) But defendants make no such admission; plaintiff's argument is based on an unreasonable interpretation of defendants' memorandum.

6

2003) (dismissing race discrimination claim where plaintiff failed to allege that he actually applied for the position).

Plaintiff does not respond by stating that he did apply for the full-time police officer position or that he is able to amend the complaint to so allege.[7] Instead, he is coy about the issue, citing his allegation that the Police Board "deci[ded] to deny him full-time employment in lieu of other candidates" and asserting that the Court can reasonably infer from his use of the word "candidate" that he applied for the position. (Pl.'s Resp. at 13 (citing First Am. Compl. ¶ 19).) The Court disagrees. Because it cannot be reasonably inferred from plaintiff's allegations that he actually applied for a position as a full-time police officer, which is a crucial element of his age-discrimination claims, Counts II and III are dismissed without prejudice.

## CONCLUSION

Defendants' motion to dismiss the complaint [8] is granted, and the First Amended Complaint is dismissed without prejudice. Plaintiff is given leave to file a second amended complaint, consistent with legal authority and Rule 11 concerns, by May 5, 2016. The April 19, 2016 status hearing is stricken and reset to May 11, 2016 at 9:30 a.m.

**SO ORDERED.**  ENTERED: April 14, 2016

_____
**JORGE L. ALONSO**
**United States District Judge**

---

[7]In contrast, plaintiff does offer to amend the complaint in response to the argument that he fails to identify comparators who are under the age of forty. (Pl.'s Resp. at 14.)