# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDREW REMUS, ) | |
| ) | |
| Plaintiff, ) | Case No. 15-cv-5066 |
| ) | |
| v. ) | Hon. Jorge L. Alonso |
| ) | |
| VILLAGE OF DOLTON, ) | |
| VILLAGE OF DOLTON BOARD OF ) | |
| FIRE AND POLICE COMMISSIONERS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

After plaintiff Andrew Remus ("Remus") was not selected for promotion from part-time to full-time police officer for the Village of Dolton, he filed a three-count complaint against defendants Village of Dolton (the "Village"), Village of Dolton Board of Fire and Police Commissioners (the "Board") and several individuals.[1] The Court previously dismissed Count I, which was the only count asserted against the individuals. The remaining defendants, the Village and the Board, move for summary judgment on plaintiff's two remaining claims: Count II for alleged violation of the Age Discrimination in Employment Act ("ADEA"); and Count III, under § 1983, for alleged violation of the Equal Protection Clause of the United States Constitution. For the reasons set forth below, the Court denies defendants' motion for summary judgment.

---

[1] When plaintiff filed his second-amended complaint, he left the Village of Dolton off the caption; but, it is clear from the complaint allegations that Counts II and III are brought against both the Board and the Village.

I.  **BACKGROUND**

The facts discussed below are undisputed unless otherwise noted.[2]

Defendant Village is a home-rule municipality. Defendant Board is the Village's Board of Fire and Police Commissioners. During the period of time relevant to this case, the Board's members were Dallas Gordon ("Commissioner Gordon"), Ken Dahl ("Commissioner Dahl") and Ken Gray ("Commissioner Gray").

The Village maintains a police department, and several laws affect the hiring of police officers for that department. For example, 65 ILCS 5/10-2.1-4 provides, in relevant part:

> The board of fire and police commissioners shall appoint all officers and members of the fire and police departments of the municipality, including the chief of police and the chief of the fire departments, unless the council or board of trustees shall by ordinance as to them otherwise provide[.]

65 ILCS 5/10-2.1-4. Pursuant to Illinois statute, "[a]ll applicants for a position in either the fire or police department of the municipality shall be under 35 years of age," but that "age limitation . . . does not apply (i) to any person previously employed as a policeman or fireman in a regularly constituted police or fire department of (I) any municipality, regardless of whether the municipality is located in Illinois or in another state[.]" 65 ILCS § 5/10-2.1-6(a) & (d). In addition, the Village passed Ordinance 07-406 in 2007. In relevant part, that ordinance states:

---

[2] Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact with citation to admissible evidence, the Court deems the fact admitted. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218-19 (7th Cir. 2015); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004). This does not, however, absolve the party putting forth the fact of the duty to support the fact with admissible evidence. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012). The Court does not consider any facts that parties include in their briefs but not their statements of fact, because to do so would rob the other party of the opportunity to show that the fact is disputed.

> Section 7.1 – Eligibility of Part-Time Police Officers, and Part-Time Paid-On-Call Firefighters.
>
> a. A person who is a current Part-Time Police Officer, as defined in the Illinois Compiled Statutes, who has not attained his or her 41st birthday, who is in good standing and has served a minimum of two (2) years six (6) months as a Part-Time Police Officer with the Village of Dolton Police Department, or in a regular police department of any municipality with similar duties and responsibilities as police officer in the Village of Dolton, shall be eligible for employment as a full-time probationary police officer with the Dolton Police Department without examination.
>
> \* \* \*
>
> c. All Applicants for full-time probationary police officers and firefighters must complete and submit applications to the Village of Dolton Personnel Department. The Chief of Police and Fire or their designee(s) shall review the applications for transfer and the applicant's employment record . . . *If the Chief of Police or Chief Fire desires to have the applicant employed, the Chief of Police or Fire shall submit such request to the Board of Fire and Police Commissioners.* The Commission will make all recommendations to the Mayor and the Board of Trustees for full-time appointments of firefighters and police officers.

(Docket 109-1) (emphasis added). Defendants agree that the "Police Chief has the authority to select which officers to recommend for promotion" to full-time employment (Docket 108 at ¶ 10), and plaintiff agrees, as well (Docket 119 at ¶ 20). The Board cannot spend Village funds, so the Village must approve salaries of anyone recommended by the Board.

In September 2012, the Village of Dolton passed Ordinance 12-572. In relevant part, that ordinance provides:

> Persons are allowed to submit applications until his or her 35th birthday (applicants with previous full-time experience are exempted from this age requirement.)
>
> \* \* \*
>
> [A]ll Ordinances or parts of Ordinances, in conflict herewith shall be and are hereby expressly repealed.

(Docket 119-3 at 5, 20).

*Plaintiff's job with the Village*

The Village hired plaintiff as a part-time police officer in April 2008, when plaintiff was 45 years old. Previously, plaintiff had served for at least eight years as a full-time police officer for Cook County. Plaintiff had been working for about five years as a part-time police officer for the Village of Dolton when the events leading to this lawsuit occurred.

At some point (it is not clear from the record when), there became available three full-time police officer positions into which three part-time police officers would be promoted. The three full-time positions were not posted or advertised.

On August 13, 2013, the Village of Dolton passed resolution 13-R-0016. The Resolution stated, in relevant part:

> WHEREAS, the Village of Dolton is a home rule municipality; and
>
> WHEREAS, the *Chief of Police has recommended* that in lieu of availing the Board of Fire and Police Commissioners eligibility list for hiring new police officers, the Village exercise [sic] its home rule authority in order to elevate three qualified part-time police officers to the position of full-time police officers;
>
> **NOW, THEREFORE, BE IT RESOLVED BY THE MAYOR AND BOARD OF TRUSTEES OF THE VILLAGE OF DOLTON, COOK COUNTY, ILLINOIS**, as follows:
>
> **SECTION 1: <u>Hiring Approved</u>.** The Mayor and Board of Trustees hereby approve the hiring of the following individuals to the position of full-time police officer with the Village of Dolton: 1) Peter Xenos; 2) Mark Moore; and 3) Michael Gilhooly.

(Docket 109-5) (italics added).

Peter Xenos ("Xenos"), Mark Moore ("Moore") and Michael Gilhooly ("Gilhooly"), were, like plaintiff, part-time police officers with the Village of Dolton. Each was younger than plaintiff. Xenos, who was 47 years old, had not applied specifically for the three full-time positions. (Xenos had filled out an application in May 2002.) Xenos learned about the position

4

from Chief of Police John Franklin ("Chief Franklin"), who asked Xenos if he was interested in moving to a full-time position. Xenos had never before worked as a full-time police officer. Nonetheless, on June 25, 2013, Chief Franklin completed a notice of appointment to a full-time position for Xenos. Mark Moore ("Moore"), like Xenos, had not applied for the three specific full-time positions, either. (Moore had filled out an application in March 2012.) As of September 2013, Moore was 35 years old and had worked as a part-time police officer for fewer than 2.5 years. Michael Gilhooly was 29 years old. (He had filled out an application in March 2009.) Plaintiff was 51. (Plaintiff had filled out an application for full-time employment in 2012.)

In late August 2013, plaintiff learned from the acting deputy chief of the Dolton Police Department that the Village had voted to hire three officers. A few days later, in late August or early September 2013, plaintiff spoke to Chief Franklin. Plaintiff told Chief Franklin he was interested in becoming a full-time officer.

On September 26, 2013, the Board held a meeting at which it considered, among other things, the promotion of three part-time officers to full-time status. The commissioners of the Board were given, by Chief Franklin, information about the three recommended candidates, Xenos, Moore and Gilhooly. As Commissioner Gordon described it:

> The three candidates were submitted to us as a board, and we were given packets with their application and their experience. That was reviewed. And then from there, we approved them as positive candidates and then everything went back to the village for final decisions that they make.

(Gordon Dep. at 46). The minutes from the September 26, 2013 meeting state:

> Request to appoint 3 part-time police officers to full-time probationary status. Officers Michael Gilhooly, Marcinno Moore and Peter Xenos. Chief Franklin submitted proper documents to the board of the candidates' qualifications and experiences as well as Village of Dolton Employment application. Officer Moore

5

> was present and addressed the board along with Chief Franklin. Motion to approve: D. Gordon, K Dahl 2nd Vote: 3 Ayes

(Docket 119-13). Gilhooly, Moore and Xenos became full-time officers.

In early October, plaintiff asked Chief Franklin why he had not been promoted to full-time officer. Plaintiff testified, "[Chief Franklin] told me I was not elevated because of my age." Plaintiff also testified, "[Chief Franklin] said they would not approve me because of my age."[3]

In 2015, the Board oversaw testing for an eligibility list, which it approved in May 2015. Plaintiff tested for and was placed on the eligibility list. By November 29, 2016, plaintiff was working for the Village as a full-time police officer. By that time, plaintiff was 54 years of age.

## II. STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). When considering a motion for summary judgment, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *Hutchison v. Fitzgerald Equip. Co., Inc.*, 910 F.3d 1016, 1021 (7th Cir. 2018). Summary judgment is appropriate when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a

---

[3] Defendants object to the admissibility of plaintiff's testimony about Chief Franklin's comments as hearsay and double hearsay. The Court disagrees. The first statement is not hearsay. Fed.R.Evid. 801(d)(2)(D). Defendants object that the second statement is double hearsay, arguing that Chief Franklin's statement must be a report of what the Board said to him. If it were offered to prove what the Board said to Chief Franklin, the Court would agree. The statement, however, can be used to show its effect on Chief Franklin, as the hearer, *see Simpson v. Beaver Dam Comm. Hospitals, Inc.* 780 F.3d 784, 796 (7th Cir. 2015), or as evidence of what Chief Franklin believed the Board's position to be.

jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III. DISCUSSION

### A. ADEA

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). The protections of the ADEA are limited to "individuals who are at least 40 years old." 29 U.S.C. § 631(a); *Wrolstad v. Cuna Mutual Ins. Soc.*, 911 F.3d 450, 454 (7th Cir. 2018).

To prevail on a claim for age discrimination, a plaintiff must put forth evidence that age was the "but-for" cause of the adverse action. *Gross v. FBL Fin. Serv., Inc.*, 557 U.S. 167, 176-77 (2009) ("To establish a disparate-treatment claim under the plain language of the ADEA, therefore, a plaintiff must prove that age was the "but-for" cause of the employer's adverse action."). Plaintiff "may carry his burden by presenting direct or circumstantial evidence" that defendant failed to hire him "because of his age," or he may proceed under the "burden-shifting approach by producing evidence that a similarly-situated person not in the protected class was treated more favorably." *Wrolstad*, 911 F.3d at 454. Ultimately, the question on a summary judgment motion is "whether the evidence as a whole would allow a reasonable jury to find that plaintiff suffered an adverse job action because of his age." *Wrolstad*, 911 F.3d at 454.

In moving for summary judgment, defendants do not argue that plaintiff was excluded from promotion to full-time due to any law restricting hiring of police officers on the basis of

7

age.[4]  Instead, defendants argue that plaintiff cannot prevail because it was the Village that made the final decision and because plaintiff never applied for the job.  The Court disagrees and concludes that plaintiff has put forth sufficient evidence from which a reasonable jury could find in his favor.

Plaintiff has put forth evidence that three younger part-time police officers, some with less experience than plaintiff had, were chosen instead of him for the full-time positions. Although the parties dispute whether it was the Village or the Board that made the final hiring decision, it makes no difference at this point.  Both entities acted on a recommendation by Chief Franklin to promote three part-time officers—Moore, Gilhooly and Xenos—to full-time positions.  As defendant concedes in its brief, "the subordinate who made the hiring recommendation was Chief Franklin."  (Docket 130 at 9).  Even without that concession, plaintiff put forth:  (1) the testimony of Commissioner Gordon, who said the three recommendations came from Chief Franklin; and (2) the ordinance itself, which says, "If the Chief of Police or Chief Fire desires to have the applicant employed, the Chief of Police or Fire shall submit such request to the Board of Fire and Police Commissioners."  Dolton Village Ordinance 04-406(c)/Docket 109-1.

If Chief Franklin made that recommendation on the basis of age, then the employer can be liable for discrimination even if someone above Chief Franklin made the final decision.  The Supreme Court approved the cat's paw theory of employer liability for employment discrimination in *Staub v. Proctor Hosp.*, 562 U.S. 411, 421-22 (2011) ("The employer is at fault

---

[4] Such age restrictions for the hiring of police officers do not violate the ADEA so long as they are "pursuant to a bona fide hiring or retirement plan that is not a subterfuge to evade the purposes of this chapter."  29 U.S.C. § 623(j)(1)-(2).  A "plan is 'bona fide' when it is real rather than a fable spun for the occasion."  *Davis v. Indiana State Police*, 541 F.3d 760, 762 (7th Cir. 2008).

8

because one of its agents committed an action based on discriminatory animus that was intended to cause, and did in fact cause, an adverse employment action."). *See also Roberts v. Columbia College Chicago*, 821 F.3d 855, 865-66 (7th Cir. 2016) (applying cat's paw theory to ADEA claim). In *Staub*, the Supreme Court explained that employers cannot shield themselves from liability merely by isolating the final decision-maker from the individuals who make recommendations on employment actions. *Staub*, 562 U.S. at 420.

In this case, plaintiff has put forth evidence from which a jury could infer that Chief Franklin's decision as to whom to recommend was biased. Plaintiff put forth evidence that Chief Franklin told him he was "not elevated because of [his] age." The jury could infer from that statement that Chief Franklin made the decision not to recommend plaintiff (and instead to recommend younger officers) because of plaintiff's age. Plaintiff also testified, "[Chief Franklin] said they would not approve me because of my age." A reasonable jury could infer from that statement that Chief Franklin selected the other three part-time officers over plaintiff because Chief Franklin believed plaintiff would not be approved because of his age. Furthermore, there is nothing in the summary judgment record to suggest Chief Franklin's discriminatory action was too remote from the final decisions of the Board or the Village to insulate the employer from liability. *See Staub*, 562 U.S. at 419 ("We do not think that the ultimate decisionmaker's exercise of judgment automatically renders the link to the supervisor's bias 'remote' or 'purely contingent.'"); *Woods v. City of Berwyn*, 803 F.3d 865, 870 (7th Cir. 2015) ("[T]here are acts that can change the subordinate's discriminatory animus from proximate cause to a cause that is too remote to support cat's paw liability. . . . '[T]he chain of causation can be broken if the unbiased decision-maker conducts a meaningful and independent investigation of the information being supplied by the biased employee.'") (quoting

9

*Schandelmeier-Bartels v. Chi. Park Dist.*, 634 F.3d 372, 383 (7th Cir. 2011)). The record contains no evidence that either the Board or the Village made sufficient independent investigation to break the causal chain.

Defendants also argue that plaintiff cannot prevail on his ADEA claim, because he never applied for the position. Plaintiff, however, has put forth evidence that the three full-time positions were not posted. Furthermore, plaintiff was not the only person who did not apply for the specific positions. Plaintiff put forth evidence that neither Xenos nor Moore applied for the specific positions. Given that Xenos and Moore were hired without applying, a reasonable inference is that a separate application for the specific positions was not required. Plaintiff had filled out an application for a full-time position in 2012, which was the same year Moore filled out an application for full-time employment. Gilhooly, another of the three who were promoted, had filled out an application for full-time employment in 2009, and Xenos had filled one out in 2002. From this evidence, a jury could infer that a separate application was not necessary for the three full-time positions available in 2013.

A reasonable jury could find that plaintiff was not promoted because of his age. Accordingly, defendants have not shown that they are entitled to judgment as a matter of law on plaintiff's ADEA claim. Defendants' motion for summary judgment is denied as to Count II.

**B.     § 1983**

In Count III, plaintiff seeks relief under § 1983 on the grounds that defendants violated the Equal Protection Clause of the Constitution by failing to promote him to full-time police officer on the basis of his age. The Seventh Circuit has concluded that the ADEA does not preclude a §1983 claim for age discrimination. *Levin v. Madigan*, 692 F.3d 607 (7th Cir. 2012).

In moving for summary judgment on Count III, defendants argue only that plaintiff has failed to put forth evidence that the decision to promote three other officers was due to his age. (Docket 110 at 10; Docket 130 at 15). As explained above, the Court disagrees.

Defendants have not shown that they are entitled to judgment as a matter of law as to Count III. Accordingly, their motion for summary judgment is denied as to Count III.

### IV. CONCLUSION

For all of these reasons, the Court denies defendants' motion for summary judgment [107]. A status hearing remains set for June 26, 2019 at 9:30 a.m.

SO ORDERED.   ENTERED: June 21, 2019

_____
JORGE L. ALONSO
United States District Judge