**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ANDREW REMUS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 15 CV 5066 |
| | ) | |
| **VILLAGE OF DOLTON BOARD OF FIRE** | ) | |
| **AND POLICE COMMISSIONERS AND** | ) | Honorable Judge Jorge L. Alonso |
| **VILLAGE OF DOLTON,** | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENSE RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW

In accordance with FRCP 50(a), the Defendants move, prior to the jury instruction conference and prior to the submission of the case to the jury, for judgment as a matter of law. In support of this Motion, Defendants state:

### I.  FIRE AND POLICE COMMISSION

1. Defendant Fire and Police Commission ("Commission") moves for judgment because, as a matter of law, the Commission (a) is not the employer for purposes of ADEA liability; (b) did not make the final decision to hire Moore, Gilhooly and Xenos for purposes of Section 1983 liability; and (c) had nothing to do with the determination of former Chief Franklin that he would not recommend Plaintiff for promotion to full-time.

Equal Protection Claim

2. As a matter of law, Ordinance No. 07-406 ("Ordinance") vests the final decisionmaking authority in the Board of Trustees, not the Commission. Therefore, since the

Commission lacked final decisionmaking authority, the Commission cannot be liable for any failure to promote the Plaintiff.

3.	There is no evidence that the Commission even considered Plaintiff in any respect in connection with its recommendation to promote the other three individuals.

4.	First addressing the equal protection claim, as a matter of law the Commission is not a final policymaker for purposes of Section 1983 liability. "Whether a particular official has final policymaking authority is a question of state law." *Harris v. City of Chicago*, 665 F.Supp.2d 935, 947 (7th Cir. 2009) citing, *inter alia, Duda v. Board of Education of Franklin Park S.D. 84*, 133 F.3d 1054, 1061 (7th Cir. 1988). The fact that an advisory body has administrative authority to recommend "does not make that [body] a final policymaker for purposes of *Monell* liability." *Williams v. City of Chicago*, 2000 WL 3169065 (N.D. Ill. 2017) at * 9.

5.	Under Illinois law, only a city council or board of trustees has the final legislative authority and, hence, is the only final policymaker for purposes of Section 1983. *Waters v. City of Chicago*, 580 F.3d 575, 581 (7th Cir. 2009). "State or local law determines whether a person has final policymaking authority for purposes of Section 1983." *Id.* at 581; *Rasche v. Village of Beecher*, 336 F.3d 588, 601 (7th Cir. 2003) (Generally speaking, "the policy-making authority in the City structure will be the City Council").[1] In order to be a final policymaker, a party or entity must have "final authority in the sense that there is no higher authority" and cannot be a person or a body whose "actions are constrained by rules and policies of a higher power." *Kasak v. Village of Bedford Park*, 563 F.Supp.2d 864, 881 (N.D. Ill. 2008) [Internal citations omitted].

6.	As a matter of law, the final policymaking authority under the Ordinance is vested not in the Commission, but in the Village Board of Trustees. The evidence now conclusively

---

[1] The Village Board is the functional equivalent of a City under Illinois government. The *Beecher* case involved a Village.

establishes this legal authority issue as a matter of law. The resolution of this authority issue is for the Court, not the jury. Therefore, the Commission is entitled to judgment as a matter of law on the Section 1983 equal protection claim, and this claim should not be submitted to the jury as to the Commission.

ADEA Claim

7. Similar principles apply with respect to the ADEA claim. The only proper defendant in an ADEA claim is the employer. *Pisoni v. Illinois*, 2013 WL 2458522 (N.D. Ill. 2013). The identification of the "employer" is "a question of federal law." *Id.*; citing *Carver v. Sheriff of LaSalle County*, 243 F.3d 379, 382 (7th Cir. 2001); *Muhammad v. Village of Bolingbrook*, 2004 WL 1557958 (N.D. Ill. 2004) (Municipality is the only proper defendant in an ADEA claim).

8. This limiting principle is recognized throughout the country. See *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 5-10-511 (4th Cir. 1994) ("We therefore hold that the ADEA limits civil liability to the employer and that Fennessey, as a Marvel employee, is not a proper Defendant in this case"); *Bryant v. OptumRX Pharmacy*, 2016 WL 10592413 (C.D. Cal. 2016), at * 2.

9. The reason for these holdings is that the statute itself imposes obligations only on the <u>employer</u>. 29 U.S.C. § 623, "Prohibition of Age Discrimination," subsection (a)(1) is limited by its term to the employer ("It shall be unlawful for an employer . . . [to] otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's age").

10. Now that the Court has received all the evidence, it is clear as a matter of law that in spite of Plaintiff's repeated misinterpretations and miscommunications to the jury, the

Commission (a) is not the "employer" for purposes of ADEA liability; and (b) is not the final policymaker for purposes of Section 1983 equal protection liability as matter of law.

11. It is the Court's responsibility to interpret the Ordinance, *Cannon v. Forest Preserve District,* 2016 WL 2620515 (N.D. Ill. 2016) ("But this Court need not accept Plaintiffs' allegations of the effects of the ordinance, because the effects of the ordinance is a question of law') [Citing Illinois case law]; *Tribsky v. City of Chicago*, 2019 IL App (1st) 182189 (2019) (The "interpretation of a municipal ordinance presents a question of law"), and no reasonable interpretation of Ordinance supports Plaintiff's theory.

12. Regardless of how many times Plaintiff argues (as he did yesterday when he obstinately refused to acknowledge the meaning of the word "recommendation") to the contrary, the Ordinance limits the Commission's authority to advisory only, which is insufficient for Section 1983 or ADEA liability.

13. It would be reversible error for this Court to keep the Commission in the case and submit a verdict form to the jury suggesting potential Commission liability. The Commission is entitled to judgment as a matter of law.

**II. THE VILLAGE OF DOLTON**

14. The only proper Defendant in this case is the Village of Dolton. The Village is entitled to judgment as a matter of law, because a "reasonable jury would not have a legally sufficient basis to find for Plaintiff" based on the evidence presented. The Court has established that, under both ADEA and equal protection, a Plaintiff must prove but-for causation.

15. Defendants respectfully object to the submission of this case to the jury on a cat's paw theory because Plaintiff chose not to pursue a "cat's paw" theory. Instead, Plaintiff's sole focus in this case has been that the Commission had final decisionmaking authority; and the

4

Commission is responsible for the claimed failure to hire Plaintiff. See, *e.g.,* allegations of Second Amended Complaint set forth in the Answer thereto, Doc. # 83, ¶ 55 ("On September 26, 2013, the Board refused to hire Remus to the position of full-time officer because of his age").

16. Plaintiff's theory of Commissioner-as-decisionmaker fails. For that reason alone, the Village is entitled to judgment.

17. We have submitted a cat's paw instruction, but do not waive our objection. To the extent this Court denies our objection and submits the case to the jury on the cat's paw theory, but-for causation is required. *Sims v. MVM, Inc.*, 704 F.3d 1327, 1336-37 (11th Cir. 2013) (Holding that because "an ADEA Plaintiff must prove 'but-for' causation – not proximate causation," Plaintiff must prove that the supervisor's "animus was a 'but-for' cause of or a determinative influence on" the ultimate decision").

18. The evidence is undisputed that (a) Franklin knew he was not going to recommend Plaintiff for full-time appointment very early on in his tenure as Chief; (b) Franklin knew enough about Plaintiff's history and the circumstances surrounding his County employment termination to establish a basis for his decision; (c) there is no evidence that Franklin knew of Plaintiff's age at the time Franklin made his determination; and (d) therefore, no reasonable jury could find but-for causation.

19. The Court will recall that in Plaintiff's opening statement, he promised that former Commander Spigolon would be a smoking gun witness and testify that during this time frame Franklin said that "he's too old anyway" or words to that effect. Witness Spigolon never materialized.

Accordingly, Defendant Village is entitled to judgment as a matter of law.

Respectfully submitted,

VILLAGE OF DOLTON, et al., Defendants

By: <u>   John B. Murphey            </u>
                Their Attorney

John B. Murphey
Amber M. Samuelson
Rosenthal, Murphey, Coblentz & Donahue
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. 312.541.1070/Fax 312.541.9191
jmurphey@rmcj.com
asamuelson@rmcj.com

# CERTIFICATE OF SERVICE

       I hereby certify that on November 21, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

Patrick J. Walsh, Esq.
Walsh Law Group, P.C.
21 North Fourth Street
Geneva, Illinois 60134
630-457-4242
pw@thewalshlawgroup.com


Joshua M. Feagans
Griffin Williams LLP
21 North Fourth St.
Geneva, Illinois  60134
630-524-2563
jfeagans@gwllplaw.com


                                  /s/ John B. Murphey
                                  ROSENTHAL, MURPHEY, COBLENTZ & DONAHUE
                                  30 North La Salle Street, Suite 1624
                                  Chicago, Illinois 60602
                                  Tel. (312) 541-1070/ Fax (312) 541-9191
                                  jmurphey@rmcj.com